James C. Bastian, Jr. - Bar No. 175415
Ryan D. O'Dea - Bar No. 273478
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:    (949) 340-3400
Facsimile:    (949) 340-3000
Email:        jbastian@shulmanbastian.com
              rodea@shulmanbastian.com

Attorneys for Douglas Chrismas

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| In re | Case No. 2:22-cv-01265-PA |
|---|---|
| **ART AND ARCHITECTURE BOOKS OF THE 21ST CENTURY,** | **OBJECTION TO REPORT AND RECOMMENDATION OF THE UNITED STATES BANKRUPTCY COURT THAT THE UNITED STATES DISTRICT COURT ADOPT THE BANKRUPTCY COURT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS FOR CONVERSION AND BREACH OF FIDUCIARY DUTY AGAINST DEFENDANT DOUGLAS CHRISMAS AND GRANT SUMMARY JUDGMENT ON THESE CLAIMS** |

## TO THE HONORABLE PERCY ANDERSON, UNITED STATES DISTRICT COURT JUDGE AND ALL INTERESTED PARTIES:

Defendant Douglas Chrismas ("Defendant") hereby submits this objection to the Report and Recommendation of the United States Bankruptcy Court (the "Bankruptcy Court") that the United States District Court Adopt the Bankruptcy Court's Statement of Uncontroverted Facts and Conclusions of Law on the plan agent for the bankruptcy estate of Art and Architecture Books of the 21st Century ("Debtor"), Sam S. Leslie's ("Plaintiff"), Motion for Summary Judgment (the "Motion") on Plaintiff's Claims for Conversion and Breach of Fiduciary Duty (collectively, the "Claims") Against Defendant Douglas Chrismas and Grant Summary Judgment on These Claims (the "Report") and respectfully represents as follows:

## I.  SUMMARY OF ARGUMENT

Defendant objects to this Court adopting the Report on two discreet grounds – one substantive and one procedural.  First, despite Defendant's assertion of an affirmative defense that the Claims were released vis-à-vis compliance with a Bankruptcy Court approved stipulation, the Report summarily disposes of Defendant's complete defense without adequate analysis or citation to supporting evidence.  Absent a ruling on Defendant's aforementioned affirmative defense predicated upon a fulsome analysis, summary judgment on the Claims cannot be entered in favor of Plaintiff.  Second, Defendant is but one (1) of ten (10) defendants in the underlying lawsuit, and the Claims are but two (2) of twenty-five (25) claims for relief asserted therein.  Due to overlapping facts, overlapping legal issues, the potential for inconsistent rulings and the potential for piecemeal appeals, just reason for delay exists and entry of a final judgment pursuant to Fed. R. Civ. Proc. 54(b) is improper.

Therefore, the Report should not be adopted due to its failure to sufficiently address Defendant's affirmative defense, or in the alternative, a final judgment against Defendant should not entered pursuant to Fed. R. Civ. Proc. 54(b).

## II.  ARGUMENT

### A.  The Report Cannot be Adopted Due to its Failure to Analyze Defendant's Affirmative Defense

The Motion sought summary judgment against Defendant in connection with Plaintiff's eleventh claim for relief (Conversion) and seventeenth claim for relief (Breach of Fiduciary Duty) asserted in the Sixth Amended Consolidated Complaint (the "Complaint").[1] Defendant answered the Complaint on March 16, 2020 and asserted as his third affirmative defense (the "Affirmative Defense"): "(Claims released) The claims alleged herein against Defendant have been released by Plaintiff and his predecessor in interest."[2] Notwithstanding assertion of the Affirmative Defense, the Motion offers no argument or evidence to rebut the bona fides of same. In opposition to the Motion and in support of the Affirmative Defense, Defendant stated:

> There is a genuine issue as to whether the subject claims have been released. On February 18, 2015, the Court approved a stipulation among the Creditors Committee, ACE Museum and Mr. Chrismas Authorizing: (1) Leave to Amend Complaint; and (2) Appointment of Responsible Officer for Ace Museum [2:14-ap- 01771, DKT #28] (the "Committee-Museum Stipulation Order") under which if Mr. Chrismas achieved certain milestones, estate claims against him and ACE Museum would be dismissed with prejudice and resolve all litigation among the parties including the estate. Chrismas contends he achieved the agreed-upon milestones in the Committee-Museum Stipulation and the claims in the 6th Amended Complaint cannot be brought. In answering the 6th Amended Complaint, Mr. Chrismas raises various affirmative defenses including that such claims were released and barred by principles of res judicata and collateral estoppel. Mr. Chrismas hereby requests that the Court take judicial notice of its docket.

---

[1] Filed February 19, 2020, Docket No. 699.
[2] Docket No. 703; 12:24-27.

Docket No. 1021; 2:5-17.  Surprisingly, Plaintiff's reply in support of the Motion failed to address the Affirmative Defense in any way.  See Docket No. 921.  Carrying the issue forward, the Bankruptcy Court addressed the Affirmative Defense in the Report by simply stating:[3]

| NO. | UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 593. | The issue raised by defendant Chrismas whether the subject claims for conversion and breach of fiduciary duty were released on grounds that he achieved certain milestones under the so-called Committee-Museum Stipulation Order (Adversary Proceeding No. 2:14-ap-01771, ECF 28) (ECF 950 and 1021) is not a genuine issue of material fact as Chrismas does not offer admissible evidence in opposition to the Ziegler Report as required by Federal Rule of Civil Procedure 56(c). | Fed. R. Civ. P. 56(c). |

Importantly, the Bankruptcy Court's reliance upon a belief that Defendant did "not offer admissible evidence in opposition to the Ziegler Report as required by Federal Rule of Civil Procedure 56(c)" is of no consequence to an analysis of the Affirmative Defense.  In particular, the "Ziegler Report" (the "Expert Report") referenced by the Bankruptcy Court makes no mention, and provides no analysis, of the Affirmative Defense or the Committee-Museum Stipulation Order.  See Docket No. 873-1.  The Expert Report represents Plaintiff's attempt to substantiate the requisite elements of the Claims – whereas the Affirmative Defense asserts the Claims have been released, whether or not Plaintiff is able to prove elements of the Claims against Defendant.  It defies logic to hold that Defendant is precluded from asserting his Affirmative Defense because he allegedly did not offer admissible evidence in opposition to the Expert Report.

---

[3] Report 99:1-6.

Based upon the Report's cursory analysis of the Affirmative Defense, as well as the Bankruptcy Court's purported basis for finding it to not be a genuine issue of material fact, this Court should refuse to adopt the Report. Plainly, the Affirmative Defense represents a material issue of disputed fact under Fed. R. Civ. Proc. 56(a) and Plaintiff is not entitled to judgment as a matter of law. Therefore, the Motion should be denied in its entirety so issues attendant to the Affirmative Defense can be adjudicated at trial.

**B.    Final Judgment Should Not be Entered Pursuant to Rule 54(b)**

Despite the Motion not requesting a Rule 54(b) determination or providing an analysis of why no just reason for delay of entry of final judgment purportedly exists, the Report seeks such a finding from this Court. The starting point of the analysis is the statutory text of Rule 54(b), which provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court **expressly determines that there is no just reason for delay**. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added).

Defendant submits that just reason for delay exists by virtue of overlapping facts, overlapping legal issues, the potential for inconsistent rulings and the potential for piecemeal appeals in connection with all other named defendants. Through the Motion, Plaintiff sought a ruling by the Bankruptcy Court affirming certain findings and opinions in the Expert Report, upon which Plaintiff's entire post-petition case against all ten defendants named in the Complaint relies: (1) "Chrismas and other non-Debtor entities [*i.e.* Ace New York and Ace Museum] did not own or have consignment rights" to the subject artwork allegedly sold by Ace New York and; (2) "[a]ll artwork at issue in this case was the property of the Debtor or subject to the

Debtor's consignment rights."[4] These findings are not only necessary to the claim of conversion, which Plaintiff concedes requires a showing of Debtor's "ownership or right to possession of the property" [Motion 8:3-4], but they directly implicate the gating issue of Section 549 avoidance claims, which apply only to "transfer[s] of property of the estate." See 11 U.S.C. § 549(a). As noted in the Complaint, Plaintiff's first claim for relief for avoidance of post-petition transfers pursuant to Bankruptcy Code Section 549 is asserted against four defendants besides Defendant – thus resulting in direct and substantial overlap of issues among and between numerous defendants who were not parties to the Motion.

The Expert Report is particularly noteworthy regarding the substantial overlap of issues between the conversion claims against Defendant and the post-petition avoidance claims asserted in the Complaint against other defendants. In the Expert Report, the first conclusion is that "$15,392,536 of Debtor's money from Debtor's art sales was deposited and transferred to other entities from the Petition Date to Plan Agent Start Date [*i.e.* April 6, 2016]". Expert Report, at 14. By and through the Report and underlying Motion, Plaintiff seeks to hold Defendant liable for that $15,392,536 under the conversion claim for relief. Further, the Expert Report confirms the factual overlap regarding the $15.392 million in art sales as the source of both the conversion claims and the post-petition avoidable transfer claims. As such, the unavoidable problem with the relief sought in the Motion is that Plaintiff asserts that the $15,392,536 is the same pool of money that is the subject of Plaintiff's post-petition avoidance claims against numerous other defendants. Similarly, certain aspects of the breach of fiduciary duty claims asserted against Defendant result in overlap of issues to be determined and adjudicated. For example, the Expert Report concludes that

---

[4] Docket No. 871, Fact Nos. 3 and 4 in Plaintiff's [Proposed] Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for Summary Judgment on Plaintiff's Claims for Conversion and Breach of Fiduciary Duty Against Defendant.

defendant 400 S. La Brea, LLC received proceeds from so-called "DIP Loans", as to which Plaintiff now seeks summary judgment for breach of fiduciary duty. See Expert Report, at 20-21; Motion, at 18:20-28.

As Plaintiff seeks summary judgment on a factual issue squarely overlapping the Complaint's first claim for relief against numerous defendants who are not parties to the Motion, a final judgment on the Motion under Fed. R. Civ. Proc. 54(b) is not possible. As the Ninth Circuit held in *Morrison-Knudsen Co. v. Archer* after it reversed the district court's granting of summary judgment:

> The claims disposed of by the Rule 54(b) judgment were inseverable, both legally and factually, from claims that remained unadjudicated in the district court, and there were no unusual and compelling circumstances that otherwise dictated entry of an early, separate judgment on that part of the case. It was error, therefore, for the district court to enter the separate judgment under Rule 54(b).

*Morrison-Knudsen Co. v. Archer,* 655 F.2d 962, 965–66 (9th Cir. 1981).

As further stated by the Ninth Circuit in *Wood v. GCC Bend, LLC*, "the greater the overlap the greater the chance that this court will have to revisit the same facts – spun only slightly differently – in a successive appeal. *Wood v. GCC Bend, LLC*, 422 F.3d 873, 881-882 (9th Cir. 2005). The Ninth Circuit continued: "The caseload of this court is already huge. More than fifteen thousand appeals were filed in the last year. We cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason." *Id*.  Clearly then, "[j]udgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

Given the irrefutable factual and legal overlap in Plaintiff's allegations made against both Defendant and the other defendants who are not parties to the Motion, it would be inappropriate for the Court to enter a final ruling on the Motion.  As stated

by the Ninth Circuit, "[a] similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). Such is the case with Report's recommended ruling on the Claims relative to the other claims asserted against the other defendants in this action, as "the claims [to be] disposed of by the Rule 54(b) judgment [are] inseverable, both legally and factually, from claims that remained unadjudicated in the district court, and there [are] no unusual and compelling circumstances that otherwise dictated entry of an early, separate judgment on that part of the case." *Id*. at 966.

The rationale of the Ninth Circuit makes complete sense as it pertains to not only the avoidance of piecemeal appeals, but also the avoidance of contradictory findings on the same facts or conclusions of law. The potential for contradictory or conflicting rulings is not merely hypothetical, as Constitutional due process requires that the other defendants be provided a full and fair opportunity to present their defenses and challenge the Plan Agent's evidence at trial. *Lindsey v. Normet*, 405 U.S. 56, 66 (1972) ("Due process requires that there be an opportunity to present every available defense.'") quoting *Am. Surety Co. v. Baldwin*, 287 U.S. 156, 168 (1932)). See Docket No. 988. So as to avoid the possibility of piecemeal appeals and conflicting rulings in connection with claims against other defendants, judicial economy and equity are best served by this Court declining to certify any order or ruling on the Motion as a final judgment under Rule 54(b).

### III.  CONCLUSION

Defendant's assertion of the Affirmative Defense, a complete defense to the Claims, was not sufficiently analyzed in the Report. Absent a ruling on Defendant's Affirmative Defense that is predicated upon a fulsome analysis, summary judgment on the Claims cannot be entered in favor of Plaintiff. Additionally, Defendant is but one (1) of ten (10) defendants in the underlying lawsuit, and the Claims are but two

(2) of twenty-five (25) claims for relief asserted therein.  Due to overlapping facts, overlapping legal issues, the potential for inconsistent rulings and the potential for piecemeal appeals, just reason for delay exists and entry of a final judgment pursuant to Fed. R. Civ. Proc. 54(b) is improper.  Therefore, the Report should not be adopted due to its failure to sufficiently address Defendant's Affirmative Defense, or in the alternative, a final judgment against Defendant should not entered pursuant to Fed. R. Civ. Proc. 54(b).

Respectfully submitted,

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**

DATED:  March 23, 2022    By:    /s/ Ryan D. O'Dea
James C. Bastian, Jr.
Ryan D. O'Dea
Attorneys for Defendant Douglas Chrismas

**CERTIFICATE OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618.

On March 23, 2022, I served true copies of the following document(s) described as **OBJECTION TO REPORT AND RECOMMENDATION OF THE UNITED STATES BANKRUPTCY COURT THAT THE UNITED STATES DISTRICT COURT ADOPT THE BANKRUPTCY COURT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS FOR CONVERSION AND BREACH OF FIDUCIARY DUTY AGAINST DEFENDANT DOUGLAS CHRISMAS AND GRANT SUMMARY JUDGMENT ON THESE CLAIMS** on the interested parties in this action as follows:

BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

- **Keith Patrick Banner**
  kbanner@greenbergglusker.com,jking@greenbergglusker.com,sharper@greenbergglusker.com,calendar@greenbergglusker.com
- **Brian Leslie Davidoff**
  bdavidoff@greenbergglusker.com,sharper@greenbergglusker.com,calendar@greenbergglusker.com
- **Carolyn A Dye**
  trustee@cadye.com,cdye@cadye.com
- **Fahim Farivar**
  fahim@farivarlaw.com,lisa@farivarlaw.com,brian@farivarlaw.com,catherine@farivarlaw.com
- **Alan W Forsley**
  alan.forsley@flpllp.com,addy.flores@flpllp.com
- **J Bennett Friedman**
  jfriedman@flg-law.com,msobkowiak@flg-law.com,cllosa@flg-law.com
- **Ekwan E. Rhow**
  erhow@birdmarella.com,brl@birdmarella.com,eer@birdmarella.com,docket@birdmarella.com

- **David John Richardson**
  drichardson@bakerlaw.com,aagonzalez@bakerlaw.com
- **Ronald Rus**
  rrus@brownrudnick.com
- **Victor A Sahn**
  vsahn@sulmeyerlaw.com,mkelly@sulmeyerlaw.com,cblair@sulmeyerlaw.com,ahami@sulmeyerlaw.com
- **Elliot C. Harvey Schatmeier**
  ehs@birdmarella.com,dlt@birdmarella.com
- **Jonathan S Shenson**
  jshenson@shensonlawgroup.com
- **Michael Sobkowiak**
  msobkowiak@flg-law.com,jmartinez@flg-law.com,jfriedman@flg-law.com
- **Stephen Paul Sorensen**
  ssorensen@tafsattorneys.com,joseperez@tafsattorneys.com
- **Steven W Thomas**
  steventhomas@tafsattorneys.com,robertastriplin@tafsattorneys.com
- **Michael Warren Vivoli**
  mvivoli@vivolilaw.com,eleon@vivolilaw.com,auzcategui@vivolilaw.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 23, 2022, at Irvine, California.

    /s/ Lori Gauthier
    Lori Gauthier